IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DOUGLAS RAY RICHARDS, No. 1888586, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:21-CV-116-Z-BR |
| LESTER FREEMAN, ET AL., | § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Plaintiff, Douglas Ray Richards, filed an amended civil complaint pursuant to 42 U.S.C. § 1983, naming Lester Freeman and Lt. Barajas as Defendants. (ECF 20). The Court ordered service (ECF 21), and Defendant Barajas filed an answer. (ECF 26). The Office of the Attorney General was apparently not able to identify or obtain authority to represent Defendant Freeman. Accordingly, by order signed July 6, 2023, the Court ordered Plaintiff to provide within thirty days sufficient information that Defendant Freeman could be served. (ECF 28). The order cautioned that failure to provide the information might result in the dismissal of the claims against Defendant Freeman without further notice. To date, Plaintiff has failed to respond to that order. In addition, by order signed August 18, 2023, the Court ordered Plaintiff to file a supplemental pleading as described in *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995), to demonstrate the inapplicability of the qualified immunity defense raised by Defendant Barajas in his answer. (ECF 29). Plaintiff filed a response refusing to file the supplemental pleading as ordered. (ECF 32).

The Court cannot govern its docket if parties are free to ignore its orders or refuse to comply with them. Responsibility for providing sufficient information that a defendant may be served lies

with the plaintiff. *See* FED. R. CIV. P. 4(c). Likewise, a plaintiff alleging cruel and unusual punishment must plead sufficient facts to show that the deprivation of his rights was sufficiently serious, i.e., deprived him of the minimal civilized measure of life's necessities, and that the prison official possessed a sufficiently capable state of mind, that is, acted with deliberate indifference to the prisoner's health or safety by acting "maliciously and sadistically for the very purpose of causing harm." *Farmer v. Brennan*, 511 U.S. 825, 834–35 (1994). And, where the defendant pleads that he is entitled to qualified immunity, the plaintiff must demonstrate that the defendant violated his constitutional rights and that the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Cowart v. Erwin*, 837 F.3d 444, 454 (5th Cir. 2016). Here, Plaintiff failed to provide any information to enable service on Defendant Freeman. Moreover, he declined the opportunity to plead sufficient facts to overcome qualified immunity claimed by Defendant Barajas and, in fact, refused to do so.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the amended complaint (ECF 20) filed by Plaintiff be DISMISSED for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).